UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT A. STANARD,

Petitioner,

v.

DEWAYNE HENDRIX, Warden, Federal Corrections Institution at Sheridan,

Respondent.

Case No. C21-959RSM

ORDER DENYING MOTION PURSUANT TO § 2255 TO VACATE, CORRECT, OR SET ASIDE SENTENCE

### I.   INTRODUCTION

Before the Court is Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence. Dkt. #1. Robert Stanard challenges the 84-month sentence imposed on him by this Court following a conviction at trial on the charges of felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g), possession of an unregistered firearm (a silencer), in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871 and conspiracy to obstruct justice. *Id.* at 3. Petitioner argues his only prior felony was not a qualifying predicate offense and that his prior convictions were unconstitutional. *Id.* at 2. After full consideration of the record, and for the reasons set forth below, the Court DENIES Mr. Stanard's § 2255 Motion.

ORDER DENYING § 2255 MOTION - 1

## II.     BACKGROUND

The Court generally agrees with the relevant background facts as set forth by the Government and demonstrated by court records.  *See* Dkt. #6 at 2–6.  Mr. Stanard does not challenge these facts.

At issue in the instant Motion are Mr. Stanard's prior convictions.  He was convicted in 1997 of possession of methamphetamine in Clallam County Superior Court. *See* Case No. 16-cr-0320-RSM, Dkt. #144 ("PSR"), ¶ 50; *see also* Dkt. #1, Ex. A. Mr. Stanard faced a standard sentencing range of 0-60 days, and he was sentenced to 44 days' imprisonment. See Dkt. #1, Ex A at 5, 8.

Mr. Stanard was convicted in 2004 of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and of possessing a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k). *See* Dkt. #6-1 (*United States v. Robert Stanard*, Case No. 04-cr-5138-FDB, Judgment in a Criminal Case (W.D. Wash. Aug. 25, 2004).  Mr. Stanard was sentenced to 33 months.

At roughly the same time, Mr. Standard was convicted of conspiracy to damage and destroy a building used in interstate commerce, in violation of 18 U.S.C. § 371, and of using and carrying a destructive device during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) and (c)(1)(B)(ii). *See* Dkt. #6-2 (*United States v. Robert Stanard*, No. CR02-5440FDB, Judgment in a Criminal Case (W.D. Wash. Aug. 25, 2004). Stanard was sentenced to 120 months' imprisonment, concurrent to his sentence in case No. CR04-5138FDB.

The underlying case dealt with a domestic violence call on October 29, 2016, and the discovery by law enforcement of multiple firearms, large quantities of ammunition, and a silencer, among other items. *See* PSR at ¶¶ 8-9.  Following the search, Mr. Stanard conspired

ORDER DENYING § 2255 MOTION - 2

with his father to conceal a 9mm pistol officers had failed to locate during their search and to lie to law enforcement about doing so. *See id*. ¶¶ 14-18. As a result of this conduct, Mr. Stanard was charged by Superseding Indictment with four crimes: (1) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); (2) being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g); (3) possession of an unregistered firearm (a silencer), in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871; and (4) conspiracy to obstruct justice, in violation of 18 U.S.C. §§ 371 and 1503. *See* Case No. 16-cr-0320-RSM, Dkt. #38. The Superseding Indictment listed all four of Stanard's federal convictions, but not his 1997 State court conviction, as predicate felonies for both the felon-in-possession charges. *See id*.

Mr. Stanard's trial took place in January 2018. One of the elements the Government was required to prove for Counts 1 and 2 was that he had been convicted of a crime punishable by imprisonment for more than a year at the time that he possessed the firearm and ammunition. *See* Case No. 16-cr-0320-RSM, Dkt. #112, Jury Instructions 18, 22. Rather than allow the Government to introduce evidence on this subject, Mr. Stanard stipulated to the fact of his prior conviction. *See* Dkts. #6-3 through #6-5. Mr. Stanard was convicted on all counts. *See* Case No. 16-cr-0320-RSM, Dkt. #118. On July 13, 2018, this Court sentenced him to a total of 84 months' imprisonment. *See* Case No. 16-cr-0320-RSM, Dkt. #155.

Mr. Stanard appealed his conviction to the Ninth Circuit. On March 10, 2021, the Ninth Circuit entered an order affirming the conviction. *See United States v. Robert Stanard*, No. 18-30162, Memorandum (9th Cir. Mar. 10, 2021). On May 13, 2021, after denying his motions for rehearing and rehearing *en banc*, the Ninth Circuit entered its mandate in the case. *United States v. Robert Stanard*, No. 18- 30162, Mandate (9th Cir. May 13, 2021).

ORDER DENYING § 2255 MOTION - 3

On Jun 18, 2021, following the Washington Supreme Court's decision in *State v. Blake*, No. 96-873-0 (Wash. Sup. Ct. Feb. 25, 2021), which invalidated Washington's drug-possession statue, the Clallam County Court ordered its conviction "vacated in full, and all charges therein dismissed with prejudice." *See* Dkt. #1, Ex. C at 1. The order vacating Mr. Stanard's conviction further stated that "all penalties, and/or disabilities resulting from this case, including, but not limited to . . . firearm rights, were void from the date imposed." *See id*. at 3.

On July 16, 2021, Mr. Stanard filed the instant Motion. The Court has reviewed all of the briefing, including Mr. Stanard's filings after the close of briefing. *See* Dkts. #12 and #14.

### III.    DISCUSSION

**A. Analysis**

A motion under 28 U.S.C. § 2255 permits a federal prisoner in custody to collaterally challenge his sentence on the grounds that it was imposed in violation of the Constitution or laws of the United States, or that the Court lacked jurisdiction to impose the sentence or that the sentence exceeded the maximum authorized by law.

Mr. Stanard argues in this Motion that his vacated 1997 conviction for possession of methamphetamine cannot serve as a predicate felony conviction to support his conviction as a felon in possession of a firearm or a felon in possession of ammunition, and that his convictions therefore must be reversed. Dkt. #1. He also argues that because his sentencing range for that state conviction was 0-60 days it does not qualify as a predicate felony under 18 U.S.C. § 922(g)(1) under *United States v. McAdory*, 935 F.3d 838 (9th Cir. 2019). *Id*.

Mr. Stanard meets the "custody" requirement of the statute and his motion is timely. The Court finds that an evidentiary hearing is not required in this case because his arguments

can be addressed from the undisputed record on purely procedural and legal grounds. *See* 28 U.S.C. §2255(b); *Shah v. United States*, 878 F.2d 1156, 1161-62 (9th Cir. 1989).

Mr. Stanard's 2004 conviction for possession a firearm with an obliterated serial number, his 2004 conviction for conspiracy to damage or destroy a building used in interstate commerce, and his 2004 conviction for using and carrying a destructive device during a crime of violence are entirely unaffected by the Clallam County Order, the *Blake* decision, or Mr. Stanard's *McAdory* analysis. Any argument that these convictions would not have happened or are voided is entirely speculative, unsupported by the record, and contrary to law. Each of these convictions resulted in an actual sentence of more than a year. Mr. Stanard had been previously convicted at least three times of crimes punishable by imprisonment for a term exceeding one year at the time in 2014-16 when he possessed the firearms and ammunition of which he was convicted before this Court. As a result, the Superseding Indictment alleged (and the Government produced testimony to the grand jury of) three convictions unaffected by Mr. Stanard's challenge. Further, Mr. Stanard's stipulation at trial, "Robert A. Stanard was convicted, prior to December 20, 2014, of a crime punishable by imprisonment for more than a year," was an accurate statement. Mr. Stanard fails to address these three convictions in his Reply brief. *See* Dkt. #9. There is no basis for the Court to find he was convicted "without jurisdiction" or given a sentence "not authorized by law." Therefore, Mr. Stanard is not entitled to relief under 28 U.S.C. §2255.

**B. Certificate of Appealability**

A petitioner seeking post-conviction relief under § 2255 may appeal this Court's dismissal of his petition only after obtaining a Certificate of Appealability ("COA") from a district or circuit judge. A COA may issue only where a petitioner has made "a substantial

ORDER DENYING § 2255 MOTION - 5

showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of [her] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003). The Court finds that the law and facts above clearly fail to show the denial of a constitutional right, and that there is otherwise no basis to issue a COA.

## IV.   CONCLUSION

Having considered Petitioner's motion, Respondent's answer thereto, and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's Motion under § 2255, Dkt. #1, is DENIED. No Certificate of Appealability shall issue.

DATED this 16th day of February, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE